## CHARLES T. WOODRUFF, Appellant, v. THE BRADSTREET COMPANY, Respondent.

*Libel — when the complaint must show that special damages have been caused by it.*

The plaintiff, a manufacturer, brought this action against the defendant, a commercial agency, to recover damages for the publication by it of a statement that a judgment for $4,000 had been recovered against him. A judgment had, in fact, been recovered against one C. E. Woodruff, which the defendant, by mistake, stated had been recovered against C. T. Woodruff, the plaintiff. The only allegation as to damages in the complaint was that "such false and libelous publication greatly injured and damaged the plaintiff."

*Held*, that the complaint did not state a cause of action, as no special damages were alleged to have been caused by the publication.

Appeal from a judgment in favor of the defendant, entered upon an order dismissing the complaint upon the opening of the case.

The defendant is a Connecticut corporation, engaged in collecting information in respect to the financial standing of persons, firms and corporations engaged in business, and in furnishing to its customers the results of information collected. The plaintiff is a manufacturer of brick at Watertown, N. Y., but whether doing business upon credit, or for cash, is not alleged. In December, 1881, the defendant was informed that a judgment had been recovered against J. S. Robinson and C. T. Woodruff for $4,000, and thereupon it published to its customers the following statement: "Watertown. Robinson, J. S., printer, binder and manufacturer woolens. Judgment vs. him and C. T. Woodruff of 4 M."

A judgment had been recovered for that amount against J. S. Robinson and C. E. Woodruff, who was a different person from

C. T. Woodruff. The mistake consisted in .the second initial, a " T " being substituted for an " E."

This action was begun to recover damages for this publication. It was brought to trial at the Jefferson Circuit in June, 1883, and was dismissed on the opening, on the ground that the complaint and opening did not disclose a cause of action.

Judgment was entered, from which the plaintiff appeals.

*Hannibal Smith,* for the appellant.

*John H. Bird,* for the respondent.

FOLLETT, J. :

It is not claimed, as indeed it cannot be successfully, that the publication is defamatory of the person or reputation of the plaintiff. Damages are demanded upon the theory, and only upon the theory, that the plaintiff's financial reputation was injured, from which pecuniary loss ensued. Damages are either general or special. General damages are such as the law presumes to have ensued, and which necessarily flow from the act complained of. Special damages are such as do not necessarily ensue, but were actually caused by the act complained of. (1 Chitty's Pldgs. [16 Am. ed.], 411, 415 ; Towns. on Libel and S., §§ 197 to 202.)

Publishing an article which states that a judgment has been recovered against a person, is not an act from which the law presumes that damages ensued. Whether damages would ensue from such a publication depends upon special circumstances ; like the amount of the judgment ; the financial standing and business of the person about whom the article is published ; whether it came to the knowledge of others with whom the person dealt, etc. General damages are implied from an act which necessarily injuriously affects persons as a class. To publish of a trader that he is insolvent, or financially embarrassed, injuriously affects any dealer, and special circumstances need not be shown to entitle the person about whom it is written to recover damages. But many dealers would not be injuriously affected by publishing that a judgment had been recovered against them. The law does not necessarily imply that the plaintiff sustained damages by the act complained of,. and it was necessary for the complaint to state with particu-

larity that damages resulted, and failing in this, a cause of action is not stated. (1 Chitty's Pldgs. [16 Am. ed.], 411, 516; 2 id., 543; Van Santvoord's Pldgs. [Moak's ed.], 222, 223, 367; *Caldwell* v. *Raymond*, 2 Abb., 193; *Newbold & Sons* v. *Bradstreet*, 57 Md., 38; Bigelow on Torts, 46.) The only allegation contained in the complaint in respect to damages is "that such false and libelous publication greatly injured and damaged the plaintiff." Special damages not being alleged, a cause of action is not stated, nor was it claimed in the opening that special damages were sustained.

The complaint was rightly dismissed and the judgment must be affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.